Nazario **BARELA**, Plaintiff,

v.

**UNITED NUCLEAR CORPORATION,**
Defendant.

Civ. No. 8081.

United States District Court,
D. New Mexico.

Oct. 23, 1970.

Raymond Sanchez, Albuquerque, N. M., Jim Heidelberg, San Antonio, Tex.; for plaintiff.

Leonard L. Pickering, Albuquerque, N. M., Richard Day, Santa Fe, N. M., for defendant.

## MEMORANDUM OPINION

BRATTON, District Judge.

This action was brought by the plaintiff Nazario Barela pursuant to 42 U.S.C.A. §§ 2000e–3, 2000e–5, alleging that the defendant United Nuclear Corporation committed an unlawful employment practice in refusing to hire him because he had pending a charge with the E.E.O.C. against his former employer, Kerr-McGee Corporation.

The defendant denies that the pending charge was the reason for its failure to hire the plaintiff and asserts that its only reason for not hiring him was his statement to its personnel manager that, if he was successful in his case against Kerr-McGee, he planned to return to employment there.

The essential facts are set forth in a stipulation made part of the pre-trial order, and need not be detailed here. However, a brief review of the chronology of events is necessary to illuminate the issue in the case and its resolution.

On the morning of November 9, 1967, the plaintiff went to the mine superintendent at United Nuclear's Anne Lee Mine and asked for a job. He was told that the position of trip-rider was open and was sent to the company's personnel office to fill out an application for the job.

At that time, plaintiff had been out of work for a week and had filed a charge against Kerr-McGee, the employer who had laid him off.

Mr. Ferren, the personnel man who took his application placed a call to the personnel office of Kerr-McGee, the only employer listed on plaintiff's application that was located in the area. The call was placed to ascertain the plaintiff's

qualifications for the job for which he was applying at United Nuclear.

In the course of this conversation, the Kerr-McGee personnel man told Mr. Ferren about plaintiff's pending E.E.O.C. charge against Kerr-McGee.

Mr. Ferren then asked plaintiff if he had filed such a charge, if he intended to pursue it to its conclusion, and, if successful, if he intended to resume employment at Kerr-McGee. The plaintiff responded affirmatively.

Mr. Ferren told the plaintiff United Nuclear was interested in hiring permanent employees only, so plaintiff's application would not be processed further even though he was qualified for the job.

The plaintiff went home and placed a call to the E.E.O.C. office in Albuquerque about the possibility of dropping the charges against Kerr-McGee.

He returned to the personnel office of United Nuclear that afternoon and asked Mr. Ferren if he would be hired if he dropped his case against Kerr-McGee. Mr. Ferren refused to advise him on this matter. Nothing further was done about plaintiff's application for employment at United Nuclear.

One week later, the plaintiff filed with the E.E.O.C. the charge being litigated in the present action. The charge was referred to the appropriate state agency, and, thereafter, the plaintiff again asked the E.E.O.C. to take jurisdiction. After the conclusion of these proceedings, this action was filed.

■ The only issue in the case is whether defendant's refusal to further process plaintiff's application and hire him for the job of trip-rider was based upon the personnel manager's honest belief that the plaintiff was seeking only interim employment or whether the refusal to hire plaintiff was simply because he had filed with the E.E.O.C. a charge against another employer. The latter reason would amount to a violation of 42 U.S.C.A. § 2000e–3(a).

The conversation that took place during the morning interview will support the defendant's claim that it refused to hire plaintiff because it was assumed he was seeking temporary employment.

However, the same cannot be said of the conversation and circumstances involved in the interview that afternoon. At that time, plaintiff made it clear that he was seeking permanent employment when he asked if he would be hired if he dropped his charges against Kerr-McGee. By so asking, he made it impossible for Mr. Ferren to any longer believe that he was going to prosecute his claim and try to get reinstalled at Kerr-McGee if he were to be hired by United Nuclear.

■ The failure to further process plaintiff's application at that point, when he was admittedly qualified for the job and would as was admitted at trial, have been hired if he were not involved with Kerr-McGee in a pending case, amounts to a violation of 42 U.S.C.A. § 2000e–3(a). The evidence will support no other inference than that United Nuclear did not want the plaintiff only because of the charge against Kerr-McGee. The filing of such a charge is a protected right under the Civil Rights Act, and conduct infringing upon that right cannot be permitted. See Pettway v. American Cast Iron Pipe Co., 411 F.2d 998 (5th Cir. 1969): Equal Employment Opportunity Commission v. United Ass'n. of Journeymen and Apprentices of the Plumbing and Pipefitting Indus. of the United States and Canada, Local Union No. 189, 311 F.Supp. 464 (S.D.Ohio, 1970).

■ Accordingly, judgment must be entered herein in favor of the plaintiff. The plaintiff may have ten days from receipt of this Memorandum Opinion to submit to the Court his documentary support for his claimed damages, including documents relating to actual interim earnings to be offset against what he would have earned had he been hired by defendant as a trip-rider. Further, the plaintiff is entitled to an injunction restraining the defendant from refusing to process his application for employment on the basis that he has

a complaint pending before the E.E.O.C. Judgment will be entered herein in accordance with the Court's Findings of Fact and Conclusions of Law as set forth in this Memorandum Opinion.